IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN L. WALFISH, et al.

    Defendants.

Civil No. 2:09-CV-1078-HB

**FILED**
AUG 25 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

## ORDER OF SALE

The Court entered final judgment in this action on September 30, 2010, ordering that the real property located at 11 Shannon Way, Royersford, PA 19468 (the "Property") be sold and the proceeds distributed to the United States and applied to the outstanding balance of the tax assessments under 26 U.S.C. § 6672 as described in paragraph 11 of the Complaint, totaling $158,990.25, plus statutory additions including interest accruing from January 1, 2011. *See* Dkt. Nos. 1 and 39.

The Court now ORDERS that the Property be sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001, 2002.

The Property is legally described as:

All that certain lot or piece of ground, Situate in the Township of Limerick, County of Montgomery and Commonwealth of Pennsylvania, bounded and described according to the Plan of Chalew Acres made by David Meixner, registered Surveyor, dated February 23, 1978 and last revised October 6, 1978, said plan being recorded in the Office of the Recorder of Deeds in Plan Book A-36, page 34, as follows, to wit:

Starting at a concrete monument, said monument located at the intersection of the Western Right of Way for Prince Avenue, and the Northern Right of Way for Galie Avenue; thence along the Western Right of Way for Prince Avenue North 43 degrees 52 minutes 03 seconds West for a distance of 55.30 feet to a point; thence North 42 degrees 31 minutes 41seconds West for a distance of 148.00 feet to a point, said point being the place of beginning for Lot No. 22; thence

Case 2:09-cv-01078-HB   Document 41-4   Filed 08/22/16   Page 2 of 7

continuing along the same an additional distance of 100.00 feet to a point; thence South 47 degrees 28 minutes 19 seconds West for a distance of 200.00 feet to a point; thence South 42 degrees 31 minutes 41seconds East for a distance of 23.00 feet to a point; thence South 44 degrees 25 minutes 48 seconds East for a distance of 83.00 feet to a point; thence North 45 degrees 44 minutes 34 seconds East for a distance of 197.34 feet to a point, said point being the place of beginning.

Containing 20,458 square feet of land, more or less.

Being Lot No. 22 on said Plan.

Being Parcel #37-00-03483-04-4.

Being part of the same premises which John P. Galie, individually and (to the extent of any interest thereof) as Executor of the Estate of John Galie, Jr. A/k/ a John Galie, deceased, Lewis A. Calcinore and Charles H. Shappell, by Deed dated January 6, 1988 and recorded in Montgomery County, in Deed Book 4862, page 846, conveyed unto Greenfields Development Corporation (PA Corp.), in fee.

Accordingly, it is hereby ORDERED as follows:

1.  The Internal Revenue Service Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

2.  **Terms and Conditions:** The terms and conditions of the sale are as follows:

    a. The sale shall be free and clear of the interests of all parties to this action;

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    *Sale location*

    c. The sale of the Property shall be held either on the Property's premises or at the courthouse of Montgomery County;

    *Notice of Sale*

    d. The PALS shall announce the date and time for the sale;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Montgomery County, and by any other notice PALS deems appropriate. The notice shall contain an adequate description of the Property, but need not contain the full legal description, and shall contain the terms and conditions of sale set forth in this Order of Sale;

*Minimum Bid*

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions of this Order of Sale, hold a new public sale, and may reduce the minimum bid;

*Payment of Deposit and Balance*

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the "United States District Court for the Eastern District of Pennsylvania," a deposit in an amount between five (5) and twenty (20) percent of the minimum bid, as specified by the PALS in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall show the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this Order of Sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Eastern District of Pennsylvania shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale,

with any amount remaining to be applied to the liabilities of Mr. John L. Walfish at issue herein. The Property shall be again offered for sale under the terms and conditions of this Order of Sale or, in the alternative, sold to the second highest bidder, at the sole discretion of the United States;

i. The Clerk of the District Court is directed to accept the deposit and balance of the sale proceeds and deposit them into the Court's registry for distribution pursuant to further order of this Court;

### *Confirmation of Sale*

j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished. In addition, on confirmation of sale, all interests in, liens against, or claims to the Property that are held or asserted by Clerk of Court for Montgomery County, Lyn Rubenstein, and Magna Legal Services, LLC, are discharged and extinguished, pursuant to the stipulations entered into by the above-named parties and the United States (attached to the motion for entry of Order of Sale attached hereto).

k. When this Court confirms the sale, the Recording Officials of Montgomery County shall cause the transfer of the Property to be reflected upon the county's register of title. The successful bidder(s) at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

### *Redemption*

l. The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and 28 U.S.C. §§ 2001, 2002, and is made without right of redemption.

3.    **Preservation of the Property**: Until the Property is sold, the Defendants John and Nancy Walfish shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures, and appurtenances on each property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. Mr. and Mrs. Walfish shall neither commit waste against the Property, nor cause or permit anyone else to do so. Mr. and Mrs. Walfish shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. Mr. and Mrs. Walfish shall not record any instrument, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4.    **Vacating the Property:** All persons occupying the Property shall vacate the property within six (6) months of the date of this Order of Sale, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). The United States may, in writing and in its sole discretion, extend the time to vacate. If any person fails or refuses to vacate the Property by the date specified in this Order of Sale, or as extended by the United States, the PALS is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purpose of executing this Order of Sale. The United States Marshals

Case 2:09-cv-01078-HB   Document 41-4   Filed 08/22/16   Page 6 of 7

Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order of Sale.

5.      **Abandoned Personal Property:** Any personal property remaining on the Property six (6) months after the date of this Order of Sale (or as extended by the United States) is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to the parties as directed by the Court. Checks for the purchase of personal property shall be made out to the "Clerk of District Court for the Eastern District of Pennsylvania," and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

6.      **Forwarding Address:** No later than two (2) business days after vacating the Property, pursuant to the deadline set forth in paragraph (4) above, defendant John L. Walfish or an agent thereof shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the attorney for the United States, Jessica Reimelt, at (202) 307-2176.

7.      **Claims:** The United States has an interest of $158,990.25, plus interest and other statutory additions from January 1, 2011.[1] Any other defendant wishing to claim an interest in the sale proceeds must submit to the court evidence of its claim, the amount, and the priority of its claim within forty-five (45) days from the entry of this Order of Sale.

8.      **PALS' Access to the Property:** Pending the sale of the Property, and until confirmation of sale, the PALS is authorized to have free access to the premises in order to take any and all

---

[1] The United States will update the amount due, if necessary, in its motion for confirmation of sale and distribution of proceeds.

6

actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

9. **Distribution of Sale Proceeds:** After the Court confirms the sale of the Property, absent any showing to the contrary, the sale proceeds deposited with the Clerk of this Court shall be distributed in the following order of priority:

a. First, to the United States Treasury, for the expenses of the sale, including any expenses incurred to secure or maintain the Property pending sale and confirmation by the Court;

b. Second, to pay for all other costs and expenses of sale, including title insurance;

c. Third, to Montgomery County, or other local taxing authority, for real property taxes and other local assessments due and owing, if any, in accordance with 26 U.S.C. § 6323(b)(6);

d. Fourth, to PNC Bank in the amount of $100,459.20 as of August 6, 2014, for application to the indebtedness due and owing under the mortgage dated and recorded October 31, 1997;

e. Fifth, one-half to Nancy Walfish and one-half to the plaintiff United States of America for satisfaction of the federal tax liabilities due and owing for John L. Walfish's federal tax liabilities totaling $158,990.25, plus statutory additions including interest accruing from January 1, 2011, with the remainder of the proceeds distributed to Lyn Rubenstein, Magna Legal Services, and the Clerk of Court for Montgomery County, Pa., in accordance with their respective priorities.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed this _25th_ day of _August_, 2016.

THE HONORABLE HARVEY BARTLE, III
UNITED STATES DISTRICT COURT JUDGE